

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. C. Wyohe
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion No. O-4710
Re: Under the facts submitted may
the county auditor appoint an
assistant, who is related to
the district judge?

Your letter of July 14, 1942, requesting the opinion of this department on the above stated question reads as follows:

"The District Judges have approved the salaries of my assistants for the past several years, and the salaries have remained the same. One of my assistants has tendered her resignation, effective August 1, 1942. I desire to appoint a young lady to succeed her who is a first cousin of the wife of one of the District Judges who will receive my application for her appointment.

"If there is any other law other than Article 1650 pertaining to the appointment of assistants to County Auditors, I have not seen it, but there may be. This article presents two or more ideas not clear as to exact meaning: (a) the Auditor names his assistants, not the District Judges; (b) the District Judges inquire as to the reasonableness of the salary; (c) the Commissioners' Court provides the appropriation necessary to provide the compensation.

"Question: May I, as County Auditor, appoint a relative of the District Judge's wife, a first cousin, in view of the facts: (a) the salary has

been set by previous Judges; (b) the appointment would fall within seven months of the previous setting of the salary of the resigning assistant."

Article 1650, Vernon's Annotated Civil Statutes reads as follows:

"The County Auditor of any county of this State may, at any time, with the consent of the District Judge or District Judges having jurisdiction as hereinafter provided, appoint a first assistant and other assistants who shall be authorized to discharge such duties as may be assigned to them by the County Auditor and provided for by law. In counties where only one assistant is appointed, such assistant shall be authorized to act for the County Auditor during his absence or unavoidable detention with respect to such duties as are required by law of the County Auditor. In counties in which more than one assistant shall be appointed, the County Auditor may designate the assistant who shall be authorized to act for him during his absence or unavoidable detention. All of said assistants shall take the usual oath of office for faithful performance of duty and may be required to give such bond as the County Auditor may determine, which bond shall be paid for by the county and shall run in favor of the county and of the County Auditor as their interest may appear.

"The County Auditor shall prepare a list of the number of deputies sought to be appointed, their duties, qualifications and experience, and the salaries to be paid each, and shall certify the list to the District Judge, or in the event of more than one District Judge in the county, to the District Judges, and the District Judge or the District Judges shall then carefully consider the application for the appointment of said assistants and may make all necessary inquiries concerning the qualifications of the persons named, the positions sought to be filled and the reasonableness of the salaries requested, and if, after such consideration, the District Judge, or in the event

of more than one District Judge, a majority of the District Judges shall approve the appointments sought to be made or any number thereof, he or they shall prepare a list of the appointees so approved and the salaries to be paid each and certify said list to the Commissioners Court of said county. The Commissioners Court shall thereupon order the amount paid from the General Fund of said county upon the performance of the services; and said Court shall appropriate adequate funds for the purpose; provided that the total number of assistants allowed to any county under this Article shall not exceed two (2) assistants in counties having less than fifty thousand (50,000) inhabitants, one assistant in counties having not less than fifty-three thousand, nine hundred and thirty-six (53,936), and not more than fifty-four thousand (54,000) inhabitants according to the last preceding Federal Census, four (4) assistants in counties having between fifty thousand (50,000) and one hundred thousand (100,000) inhabitants, six (6) assistants in counties having between one hundred thousand (100,000) and one hundred and fifty thousand (150,000) inhabitants, ten (10) assistants in counties having between one hundred and fifty thousand (150,000) and two hundred and seventy-five thousand (275,000) inhabitants, and fifteen (15) assistants in counties having more than two hundred and seventy-five thousand (275,000) inhabitants, in each instance according to the last preceding or any future Federal Census, exclusive in each instance of the first assistant, and such temporary assistants as may be needed in cases of bona fide emergencies the number of such temporary assistants, their salaries and the duration of employment to be recommended by the County Auditor but to be determined by the District Judge or by a majority of the District Judges as the occasion may require, provided in counties having three hundred and thirty thousand (330,000) inhabitants or more according to the last preceding or any future Federal Census in like manner the Judges of the District Courts may authorize the appointment of additional regular assistants when in their judgment a necessity exists therefor. The County Auditor shall have the right to discontinue the services

Honorable R. S. Wyche, Page 4

of any assistant employed in accordance with the provisions of this Article, but no assistant shall be employed except in the manner herein provided. The District Judge or District Judges giving consent to the Auditor to appoint an assistant or assistants shall annually have the right to withdraw such consent, and change the number of assistants permitted.

"The County Auditor shall be authorized to provide himself with all necessary ledgers, books, records, blanks, stationery, equipment, telephone and postage at the county's expense, but all purchases thereof shall be made in the manner provided for by law. (As amended Acts 1935, 44th Leg., p. 763, ch. 333, § 1.)"

Articles 432-438 inclusive, Vernon's Annotated Penal Code are the statutes pertaining to nepotism in this State. Under these statutes no officer of the State or any municipal subdivision thereof, nor any officer or member of any State or municipal board, shall appoint, or vote for, or confirm the appointment to any office or employment, of any person related within certain specified degrees to him or to any other member of such board when the compensation of such person is to be paid out of public funds or fees of office of any kind whatsoever. Evasion of nepotism by trading, and approval of accounts or the drawing of warrants to pay the compensation of any ineligible officer or person, are also dealt with. The statutes provide also for the punishment of any person who violates any of its provisions.

Article 432, supra, prohibits any officer of this State, the officer of any district, county, city, precinct, school district, or other municipal subdivisions of this State or any office or member of any State, district, county, city, school district or other municipal board, or Judge of any court, from appointing, or voting for, or confirming the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing, or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly out of or from public funds or fees of office of any kind or character whatsoever.

It will be noted that Article 1650, supra, specifically authorizes the county auditor of any county in this State to appoint a first assistant and other assistants who shall be authorized to discharge such duties as may be assigned to them by the county auditor and provided for by law after first having obtained the consent of the district judge or district judges having jurisdiction in the matter. This statute further provides that the district judge, or in the event of more than one district judge, a majority of the district judges shall approve the appointment sought to be made or any number thereof. He or they shall prepare a list of the appointees so approved and the salaries to be paid each and certify said list to the Commissioners' Court of said county. As the district judge or district judges having jurisdiction in the matter must approve the appointment sought to be made it is our opinion that the nepotism statutes above mentioned, are applicable and prohibit the district judge or judges having jurisdiction to approve the appointment of any person as assistant county auditor who is related to them or either of them within the prohibited degree.

The person inquired about is a first cousin of the wife of one of the District Judges who will approve the appointment and is related to the District Judge by affinity within the second degree. Therefore, it is our opinion that the approval of such appointment by the District Judge is prohibited by the above mentioned statutes. Therefore, we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:mp

